```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

EDDY M. RUIZ DIAZ,            )
          Plaintiff,          )
                              )
     v.                       ) C.A. No. 04-11790-DPW
                              )
IMMIGRATION AND               )
CUSTOMS ENFORCEMENT,          )
          Defendant.          )
```

### MEMORANDUM AND ORDER

For the reasons stated below, Eddy M. Ruiz Diaz shall pay the filing fee for this action or submit an application to proceed without prepayment of fees.  If he takes either action, he shall also demonstrate good cause, in writing, why this action should not be dismissed.  To the extent that Edgardo Quinones seeks to bring claims in this Court, he is advised that he may not file actions in this Court on behalf of any person other than himself.

### BACKGROUND

On August 12, 2004, the Court received a document titled "Motion for a Speedy Trial" signed by both Eddy M. Ruiz Diaz and Edgardo Quinones, inmates at MCI Concord.  The motion states that Immigration and Customs Enforcement ("ICE")[1] has obtained a "warrant"

---

[1] The Immigration and Naturalization Service ("INS") has ceased to exist as a federal agency, and the responsibility for detaining and removing immigration detainees currently resides with the Bureau of Immigration and Customs Enforcement ("ICE").  See, e.g., Nma v. Ridge, 286 F. Supp. 2d 469, 470 n. 1 (E.D. Pa. 2003) (ICE, a subordinate agency within the

for Diaz listing his alien registration number, and that Diaz seeks a "speedy trial" pursuant to the Sixth and Seventh Amendments to the Constitution and the "English Bill of Rights."  Motion, p. 1.  No filing fee for this action was submitted.  <u>See</u> Docket.

ANALYSIS

I.   <u>Quinones May Not Represent Another Party</u>

The motion does not state any claim on behalf of Quinones, and as a non-lawyer, he may not bring claims on behalf of another person.  A person who is not an attorney may only represent himself, not any other party.  <u>See</u> <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf."); <u>accord</u> <u>Cheung v. Youth Orchestra Found. of Buffalo, Inc.</u>, 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent may not bring an action on action on behalf of child without representation by counsel); <u>cf.</u> <u>Barrows v. Jackson</u>, 346 U.S. 249, 254 (1953) (as a general rule, a party does not

---

Department of Homeland Security has assumed the enforcement functions of the former INS).

2

have standing to vindicate the constitutional rights of another party). Because Quinones is not an attorney, he may not attempt to represent persons other than himself. Feliciano, 846 F. Supp. at 1039. To the extent that Quinones is attempting to appear in this action as a party or as a representative of Diaz, that attempt is rejected. Any future filings submitted by Quinones in this action shall be returned.

> II.  Diaz Must Pay the Requisite
> Filing Fee Or Submit An Application
> to Proceed Without Prepayment of the Fees

A party filing an action in this Court must either (1) pay the requisite filing fee for the action ($150 for civil actions; $5 for habeas petitions) or (2) file an application to proceed in forma pauperis on the form required by this Court entitled "Application to Proceed Without Prepayment of Fees and Affidavit" (the "Application"). See Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914 (fees); 28 U.S.C. § 1915 (in forma pauperis).

Because Diaz has not paid the filing fee or submitted an application for waiver of the filing fee, he shall be granted additional time to do so. Diaz is further advised that if he pays the fee or files an Application, this action will be subject to dismissal

for the reasons stated below.[2]

    III. <u>The Court May Screen This Action</u>

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that all prisoner actions directed against a governmental entity or officer be screened at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee, and dismissed if the claims lack an arguable basis in law or fact, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b); see <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992) (interpreting former § 1915(d); claims lack an arguable basis in law if they are based on an indisputably meritless legal

---

    [2]Because Diaz currently is incarcerated, he is further informed that the submission of an application to proceed without prepayment of fees does not relieve him from his obligation to pay the full amount of the filing fee; it simply allows him to proceed without pre-payment of the entire filing fee up-front. 28 U.S.C. § 1915(b)(1), (2). If Diaz submits an application with a certified copy of his prison account statement as required, the Court will direct the appropriate prison official to withhold from Diaz's prison account and pay to the Court an initial payment towards the $150.00 filing fee. The appropriate prison official will also be directed to collect monthly payments from Diaz's prison account on a continuing basis until such time as the $150.00 statutory filing fee is paid in full. <u>Id.</u>

theory).

    A.   Diaz's Claims Lack An Arguable Basis in Law

If Diaz's motion is construed as an attempt to bring a civil action in this Court,[3] his claims lack an arguable basis in law because neither the Sixth nor the Seventh Amendments apply to immigration proceedings.[4]

Section 1228 of title 8 provides for the expedited removal of aliens convicted of certain crimes by directing, but not requiring, the Attorney General or his delegate to institute removal proceedings while the alien is completing

---

[3] I do not construe the "Motion" as a request for a petition for a writ of habeas corpus. Even if the motion were so construed, this Court would lack subject-matter jurisdiction over such a petition because Diaz does not appear to be in the custody of ICE and does not allege that he is subject to a final order of removal. See, e.g., Orozco v. INS, 911 F.2d 539, 541 (8th Cir. 1990) (filing of detainer, standing alone, did not cause petitioner, incarcerated in state prison, to come within the custody of the INS), Galaviz-Medina v. Wooten, 27 F.3d 487, 492 (10th Cir. 1994) (alien serving federal sentence was "in custody" for purposes of habeas relief because INS issued final order of deportation and detainer).

[4] To the extent that Diaz brings his claims directly pursuant to the English Bill of Rights, his claims fail because although the English Bill of Rights is sometimes used in interpreting certain of the amendments to the United States Constitution or the Constitution itself, no court has ever held that it directly applies in the United States. See, e.g., Browning-Ferris Indus. v. Kelco Disposal, Inc., 492 U.S. 257, 267-268 (1989) (construing Eighth Amendment); National Ass'n of Social Workers v. Harwood 69 F.3d 622, 628-629 (1st Cir. 1995) (construing U.S. Const. art. I, § 6, cl. 1).

his criminal sentence. See generally 8 U.S.C. § 1228; § 1228(a)(3)(B) (government is not required to institute removal proceedings for an alien prior to the expiration of the alien's sentence in a correctional facility); 8 U.S.C. § 1226(c) (directing Attorney General to take custody of aliens removable for having committed certain crimes after he or she is released from prison). It appears that the "warrant" received by Diaz may have been initiated because of this section.

Any failure by the Attorney General or his delegate, ICE, to provide Diaz with a speedy deportation hearing does not trigger any right to a "speedy trial." The Sixth Amendment[5] does not apply to civil proceedings. See, e.g., Austin v. United States, 509 U.S. 602, 608 (1993) (stating that the protections provided by the 6th Amendment are explicitly confined to criminal prosecutions). Removal proceedings are civil in nature. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984) (deportation proceeding is a purely civil action to determine eligibility to remain in this country); Harisiades

---

[5] The Sixth Amendment provides, in relevant part, that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial,...." U.S. Const. Amend. VI (emphasis added).

v. Shaughnessy, 342 U.S. 580, 594 (1952) ("Deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure."); United States v. Bodre, 948 F.2d 28, 33 (1st Cir. 1991)(deportation is a civil proceeding and "is not punishment for criminal acts but rather a governmental decision not to harbor an unwanted alien").

Thus, Diaz's claims to a "speedy trial" are subject to dismissal. United States v. Cepeda-Luna, 989 F.2d 353, 355 (9th Cir. 1993) (Speedy Trial Act does not apply to immigration proceedings which are civil in nature); United States v. Gonzalez-Mendoza, 985 F.2d 1014, 1016 (9th Cir. 1993) (filing of immigration detainer was civil in nature and did not trigger Interstate Agreement on Detainers); Prieto v. Gluch, 913 F.2d 1159, 1161 (6th Cir. 1990) (deportation proceedings are civil in nature, and failure to provide a speedy hearing on a deportation charge does not implicate 6th Amendment rights; petitioner had no remedy under the Interstate Agreement on Detainers or the Speedy Trial Act); Argiz v. United States Immigration, 704 F.2d 384, 387 (7th Cir. 1983) (same).[6]

---

[6] Cf. Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 484-485 (1999) (§ 1252(g) bars courts from hearing

Similarly, the Seventh Amendment, which provides for trial by jury in suits at common law,[7] does not apply to removal or deportation proceedings. The Supreme Court has held that in administrative proceedings where Congress has assigned the adjudication of factual issues related to a public right to an agency, as it has done in the instance of the immigration and customs laws, the Seventh Amendment does not apply. See Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n, 430 U.S. 442, 450-451 (1977) (workplace safety regulations); accord Sasser v. Administrator, 990 F.2d 127, 130 (4th Cir. 1993) (7th Amendment does not apply to disputes over statutory public rights, "those which arise between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative

---

claims arising from decision or action by Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien); accord Costa v. INS, 233 F.3d 31, 36 (1st Cir. 2000) (stating that an alien illegally in the United States cannot force the Attorney General's hand by the simple expedient of calling attention to his status and demanding immediate action).

[7]The Seventh Amendment states, in relevant part, that "Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ."
U.S. Const. Amend. VII.

departments."). Thus, the Seventh Amendment is inapplicable to the immigration proceedings challenged here. See Atlas Roofing Co., Inc., 430 U.S. at 450-451; Sasser, 990 F.2d at 130; cf. Luria v. United States, 231 U.S. 9, 27-28 (1913) (no right to a jury trial in civil de-naturalization proceedings).

## CONCLUSION

ACCORDINGLY,

(1) Because Quinones is not an attorney, he may not represent Diaz and any future filings by him in this action shall be returned by the Clerk;

(2) Diaz shall either pay the filing fee for this action or submit an application to proceed without prepayment of fees within 42 days of the date of this Memorandum or Order;

(3) If Diaz pays the fee or submits an Application, he shall also demonstrate good cause, in writing, why the petition should not be dismissed for the reasons stated above;

(4) The Clerk shall send Diaz an Application to Proceed Without Prepayment of Fees and Affidavit and the Court's list of immigration legal service providers.

Dated at Boston, Massachusetts, this 19th day of August, 2004.

s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE